Case 1:20-cv-01172-UNA   Document 4   Filed 05/11/20   Page 1 of 2

FILED
5/11/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN RAYMOND AST, *Plaintiff*, v. WILLIAM BARR, Attorney General, et al., *Defendants*. | Civil Action No. 1:20-cv-01172 (UNA) |

**MEMORANDUM OPINION**

This matter, brought *pro se*, is before the Court on review of the Complaint and Plaintiff's application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915A (2018) (requiring immediate dismissal of a prisoner's action upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is a prisoner incarcerated at the Federal Correctional Institution in Ray Brook, New York. Compl. at 1, ECF No. 1. He has sued U.S. Attorney General William Barr, U.S. Bureau of Prisons Director Michael Carvajal, and the LexisNexis Corporation. *See generally id.* Plaintiff alleges essentially that, by publishing the citation to his appeal without adequate screening, Defendants "are being negligent in their duty to secure the confidentiality" of his sensitive information that is "easily accessible at the [Bureau of Prisons's] inmate Electronic Law Library (ELL)." *Id.* at 1. He demands "appropriate sanctions" and an order

> to amend (to change the name of John Raymond Ast, as a "John Doe") on appeal citation (53 Fed. appx. 183) 2002 U.S. App. LEXIS 23400, at the F[BOP] and LexisNexis Electronic Law Library, on the contingency that continued disclosure might lead to a serious disruption of the subject inmate's Administrative Program during

1

> confinement, and to seal this complaint pursuant to Fed. R. Civ. P. Rule 26.

*Id*. at 5 (alterations and parentheses in original).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  There is a "strong presumption in favor of public access to judicial proceedings," *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citation omitted), which is rebuttable only during the actual court proceeding and typically on a motion to seal or unseal documents or the case, *see United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980) (examining factors).  No court can compel suppression or amendment of another court's public records.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has a supervisory power over its own records and files . . . .").  As a result, the Court will dismiss this case.  An Order will be entered contemporaneously with this Memorandum Opinion.

DATE:  May 11, 2020

CARL J. NICHOLS
United States District Judge